IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2007

## STATE OF TENNESSEE v. JAMES DAVID MAY

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14691     Lee Russell, Judge**

—

**No. M2006-02143-CCA-R3-CD - Filed September 18, 2007**

—

The defendant, James David May, pled guilty in the Bedford County Circuit Court to one count of jail escape, a Class E felony. He was sentenced as a Range II, multiple offender to three years and six months in the Department of Correction. On appeal, the defendant challenges the imposition of incarceration, arguing that it would be more appropriate to sentence the defendant to community corrections. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender (on appeal), and Michael Collins, Assistant Public Defender (at trial), for the appellant, James David May.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

During April 2000, the defendant was incarcerated in the Bedford County Jail for violation of parole. He was assigned to a work crew stationed at a site in Bedford County. On April 19, 2000, the defendant escaped from the work site, met up with an acquaintance, and fled to Louisiana, where he worked for a time with a traveling carnival. The defendant remained at large until 2006, when he was apprehended and returned to Tennessee, where he was charged with felony jail escape. On August 3, 2006, the defendant pled guilty to felony escape.

At the sentencing hearing, the defendant testified on his own behalf, saying that his past problems with the law had taught him the importance of staying out of trouble. He said that he was single but planned to marry the mother of his two young children as soon as he was released from custody. The defendant testified that he had completed the tenth grade and planned to take the G.E.D. test within the month. He said that he had not used alcohol or drugs within the past six years. He informed the court that he had experience in performing contract labor and planned to seek similar employment upon release.

On cross-examination, the defendant acknowledged that he had fathered two other children with a second woman and that he did not support these children. He admitted that his prior sentence of community corrections had been revoked, as had two prior grants of parole, and that he had previously escaped from confinement, resulting in a conviction for misdemeanor jail escape.

The trial court sentenced the defendant to three years and six months incarceration. The court found that the defendant was not an appropriate candidate for community corrections, taking into account his prior criminal convictions and repeated violations of community corrections and parole requirements.

## ANALYSIS

On appeal, the defendant argues that community corrections is a more appropriate sentence than incarceration. When a defendant challenges the length or manner of a sentence, this court conducts a *de novo* review, with a presumption that the determinations of the court from which the appeal is taken are correct. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). The presumption of correctness is conditional, and applies only where there is an "affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating that the sentence imposed by the trial court is erroneous.

The Tennessee Criminal Sentencing Reform Act of 1989, enacted to "promote justice," Tenn. Code Ann. § 40-35-102 (2006), provides that the sentence imposed upon an offender should be the "least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4) (2006). Thus, trial judges are "encouraged" to use "alternatives to incarceration that include requirements of reparation, victim compensation or community service." Tenn. Code Ann. § 40-35-103(6) (2006). An especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2006).

If an offender meets the criteria under Tennessee Code Annotated section 40-35-102(6), the trial court "must presume that he is subject to alternative sentencing." Ashby, 823 S.W.2d at 169. However, if the court is presented with "evidence sufficient to overcome the presumption, then it

may sentence the defendant to confinement according to the statutory provision." Id. The presumption in favor of alternative sentencing may be overcome "by facts contained in the presentence report, evidence presented by the state, the testimony of the accused or a defense witness, or any other source provided it is made a part of the record." State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

The defendant is not an especially mitigated or standard offender entitled to the presumption of alternative sentencing set forth in Tennessee Code Annotated section 40-35-102(6). He is classified as a multiple offender based on prior convictions of two counts of aggravated burglary and one count of felony theft. See Tenn. Code Ann. § 40-35-106 (2006). Nonetheless, the defendant asserts that he meets the eligibility criteria for community corrections, set forth in Tennessee Code Annotated section 40-36-106. To qualify for consideration for punishment in the community, an offender must meet all of the following criteria:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(F) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a)(1).

Assuming, *arguendo*, that the defendant satisfies these six requirements, it does not necessarily follow that community corrections is the most appropriate sanction in this case. Tennessee Code Annotated section 40-36-106 establishes only the eligibility requirements for community corrections. It does not create an entitlement of freedom from confinement. The trial court retains the discretion to impose incarceration in appropriate cases.

The defendant has not carried his burden of establishing that the trial court erred in sentencing him to incarceration. The trial court arrived at its determination after considering all relevant sentencing principles and the facts and circumstances particular to this case. The court

found multiple factors justifying an enhancement of the defendant's sentence above the advisory minimum established by the Tennessee Sentencing Guidelines. The court considered the defendant's long previous history of criminal convictions, including convictions for theft, aggravated burglary, misdemeanor jail escape, and driving under the influence. The court found that the defendant led the commission of an offense involving two or more criminal actors and that the defendant before trial or sentencing failed to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1), (2), (8) (2006). Defense counsel, recognizing that the record amply supported a sentence of incarceration, did not request probation at the sentencing hearing: "Judge, we'd ask the Court to give [the defendant] a minimum sentence or as close to a minimum sentence as the Court sees fit. We know the Court's not going to give [the defendant] probation, so I'm not going to sit in front of the Court and argue that." Yet, on appeal, the defendant argues that community corrections is a more appropriate form of punishment than incarceration.

The Tennessee Criminal Sentencing Reform Act of 1989 enumerates several principles a court should consider before imposing a sentence of confinement. Confinement is appropriate where "necessary to protect society by restraining a defendant who has a long history of criminal conduct"; "necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses"; or where "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]" Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2006). The trial court found that the defendant's lengthy history of violation of the conditions of parole and alternative sentencing, along with his myriad prior convictions, justified a sentence of confinement:

> [E]very time or virtually every time [the defendant has] been given any kind of a break by a judge, he has been revoked. He has violated the terms of his release, every time or virtually every time. And for that reason I find him to be a very, very poor risk to get alternative sentencing, and I find that he is highly likely to repeat unless he is incarcerated.

The record supports this determination by the trial court.

## CONCLUSION

We conclude that the trial court properly sentenced the defendant to incarceration. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-